## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ALLEN TUMACDER VALLESTEROS, <br> Appellant, | DOCKET NUMBER <br> SF-4324-25-0149-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, <br> Agency. | DATE: August 5, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Allen Tumacder Vallesteros, Ewa Beach, Hawaii, pro se.

William Di Iorio, Esquire, and Jeffrey Meding, Esquire, Washington, D.C.,
    for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James. J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) for lack of jurisdiction. On petition for review, he argues that the Board has jurisdiction over his USERRA claims. Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant was a GG-0132-12 Intelligence Officer at the Defense Intelligence Agency (DIA), where all positions are subject to random drug testing. *Vallesteros v. Department of Defense*, MSPB Docket No. SF-0752-24-0741-I-1, Appeal File (0741 AF), Tab 1 at 1, Tab 61 at 19, Tab 62 at 19. On March 26, 2024, he received an email notifying him that he was selected for random drug testing within the next 2 hours. 0741 AF, Tab 4 at 87. Instead of taking the drug test, the appellant went to the hospital where he reported mental health concerns. *Id.* at 26. He later reported having accidentally used a friend's vaporizer, which contained medical marijuana. 0741 AF, Tab 11 at 7.

On May 9, 2024, the agency proposed the appellant's removal. 0741 AF, Tab 4 at 35-41. The proposal contained a single charge of refusing to take a required drug test. *Id.* at 38. On August 23, 2024, the agency sustained the charge and removed him, effective immediately. *Id.* at 16-20. He filed his initial appeal with the Board on September 15, 2024. 0741 AF, Tab 1 at 1. The administrative judge docketed his USERRA claim as a separate matter on

December 13, 2024. *Vallesteros v. Department of Defense*, MSPB Docket No. SF-4324-25-0149-I-1, Initial Appeal File (IAF), Tab 1. On March 10, 2025, the administrative judge issued an initial decision in which he dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID) at 1-3. On review, the appellant alleges that the Board has jurisdiction over USERRA claims made by DIA employees. Petition for Review (PFR) File, Tab 1 at 12-13.[2]

The administrative judge correctly determined that the Board lacks jurisdiction over USERRA claims made by DIA employees.

"Pursuant to [38 U.S.C.] § 4324(b), a person who claims that a Federal executive agency has failed to comply with USERRA may submit a complaint directly to the Board if at least one of several conditions is met." *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1483 (Fed. Cir. 1998). The term "Federal executive agency" does not include an agency referred to in section 2302(a)(2)(C)(ii) of Title 5. 38 U.S.C. § 4303(5). In turn, 5 U.S.C. § 2302(a)(2)(C)(ii)(I) lists agencies, including the Federal Bureau of Investigation (FBI), the Central Intelligence Agency (CIA), DIA, and the National Security Agency (NSA). Section 2302(a)(2)(C)(ii)(II) also includes "as determined by the President, any executive agency or unit thereof the principal function of which is the conduct of foreign intelligence or counterintelligence activities, provided that the determination be made prior to a personnel action." The administrative judge determined that the Board does not have jurisdiction over a potential USERRA claim against DIA based on these provisions. ID at 3.

---

[2] On November 16, 2025, the appellant filed a motion to consolidate his appeals. PFR File, Tab 6 at 4-16. The appellant has two other pending appeals with the Board. MSPB Docket Nos. SF-0752-24-0741-I-1, SF-3330-25-0148-I-1. We interpret the appellant's request to consolidate his appeals as a request for joinder. Joinder occurs when one person has filed two or more appeals and they are united for consideration whereas consolidation occurs when the appeals of two or more parties are united for consideration because they contain identical or similar issues. 5 C.F.R. § 1201.36(a)(1)-(2). We deny this motion because joinder would not expedite the processing of the appeals. 5 C.F.R. § 1201.36(b)(1).

On review, the appellant alleges that USERRA claims against DIA are not excluded from the Board's jurisdiction because there is no record evidence that, before the appellant's removal, the President made a determination to exclude DIA from the definition of Federal executive agency. PFR File, Tab 1 at 12-13 (citing 5 U.S.C. § 2302(a)(2)(C)(ii)(II)). The appellant's argument suggests a misunderstanding of the reason why employees at this agency are excluded. DIA employees' USERRA complaints are excluded from the Board's jurisdiction because of 5 U.S.C. § 2302(a)(2)(C)(ii)(I), not § 2302(a)(2)(C)(ii)(II). Section 2302(a)(2)(C)(ii)(I) specifically excludes DIA from the definition of "agency." This exclusion operates independently of the section 2302(a)(2)(C)(ii)(II) exclusion referenced by the appellant. Therefore, we discern no error in the administrative judge's determination.

<u>The Board does not have jurisdiction over USERRA claims asserted as affirmative defenses by DIA employees.</u>

The appellant next argues that the Board has jurisdiction under 5 C.F.R. § 1208.16 to adjudicate USERRA claims bought as affirmative defenses by DIA employees. PFR File, Tab 1 at 16, 22, 28. Section 1208.16 states that "[n]othing in USERRA prevents an appellant who may appeal an agency action to the Board under any other law, rule, or regulation from raising a claim of a USERRA violation in that appeal. The Board will treat such a claim as an affirmative defense . . . ."

When a USERRA complaint involves an adverse action that is otherwise appealable to the Board, the Board adjudicates the USERRA complaint as an affirmative defense to the agency action, so long as the appellant has filed a timely appeal of the adverse action. *Graham v. Commodity Futures Trading Commission*, 105 M.S.P.R. 392, ¶ 5 (2007), *aff'd*, 348 F. App'x 564 (Fed. Cir. 2009). The appellant's USERRA claim was already treated as an affirmative defense. Indeed, the administrative judge stated in the initial decision of one of the appellant's companion cases that, "[b]ecause he raised [an] affirmative

defense[] based on . . . uniformed service, the Board docketed [an] appeal[] . . . under the Uniformed Services Employment and Reemployment Rights Act (USERRA)." 0741 AF, Tab 75, Initial Decision at 2.

The exclusion of DIA employees' USERRA claims from the Board's USERRA jurisdiction applies regardless of whether such claims are brought as standalone or affirmative defenses because the statutory language makes no such distinction. *See* 5 U.S.C. § 2302(a)(2)(C)(ii); 38 U.S.C. §§ 4303(5), 4324(b). If a statute's language provides a clear answer as to its meaning, the statutory interpretation inquiry ends, and the plain meaning of the statute is regarded as conclusive absent a clearly expressed legislative intent to the contrary. *Logan v. Department of Homeland Security*, 2025 MSPB 4, ¶ 16.

To the extent that he argues that 5 C.F.R. § 1208.16 grants the Board jurisdiction over his USERRA claim in contravention of the above statutes, the appellant is incorrect. Under the Supremacy Clause of the Constitution, "[the] Constitution and the Laws of the United States . . . [are] the supreme Law of the Land." U.S. Const. art. VI, § 2, cl. 2. Federal regulations and state laws are nullified to the degree that they conflict with Federal law. *See Special Counsel v. Fergus*, 44 M.S.P.R. 440, 442 n.1 (1990).

The appellant's claim of bias by the administrative judge is unsupported.

Lastly, the appellant alleges that the administrative judge was biased against him because he "repeatedly misrepresent[ed] the record" and "favored the agency's narrative even when Appellants' [sic] evidence contradicted it." PFR File, Tab 1 at 10-11. The appellant does not provide any examples of the alleged misrepresentations or of the administrative judge favoring the agency's narrative.

In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Moreover, an administrative judge's conduct during the course

of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant's assertions fail to overcome the presumption of honesty and integrity afforded to administrative judges, or show such deep-seated favoritism or antagonism to meet the standard set forth above.

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                              Gina K. Grippando
                                              Clerk of the Board

Washington, D.C.